**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-30184**
**Summary Calendar**

_____

**SYLVESTER PALMER,**

**Plaintiff-Appellant,**

**versus**

**TRANSIT MANAGEMENT SOUTHEAST LOUISIANA (TMSEL)**
**REGIONAL TRANSIT AUTHORITY; REGIONAL TRANSIT AUTHORITY;**
**AMALGAMATED TRANSIT UNION, Division 1611;**
**UNIDENTIFIED PARTY,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(98-CV-594-K)**

_____

August 21, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Sylvester Palmer, terminated as part of a reduction in force, appeals the summary judgment dismissing his claims under Title VII (gender discrimination), ERISA, and state law (breach of contract). He contends that summary judgment should *not* have been granted, because: discovery was *not* complete; there was a material fact issue on whether he had suffered an adverse employment action; he

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was protected from layoffs under a collective bargaining agreement; and he demonstrated that pension interference motivated his termination.

NOPSI hired Palmer in July 1978 as a bus driver. He was a member of Amalgamated Transportation Union Local Union 1611. In 1983, NOPSI was acquired by the Transit Management Southeast Louisiana Regional Transit Authority (TSMEL). The union negotiated agreements between its members and TSMEL concerning this transaction.

In October 1995, Palmer was transferred, along with several male and female co-workers, from the transportation department to non-union positions in the maintenance department.

That December, a female co-worker was transferred back to the transportation department at no change in salary. A year later, another female co-worker was transferred from the maintenance department to the transportation department. As part of a reduction in force in March 1997, Palmer was terminated from his non-union position in the maintenance department.

The parties consented to trial before a magistrate judge. Defendants were awarded summary judgement, the magistrate judge holding, in pertinent part, that: (1) Palmer had *not* suffered an adverse employment action in being denied lateral transfers and receiving shift changes and less training; (2) the reduction in force that resulted in his termination, which included 20 females

and eight other males, did *not* support his gender discrimination claim; (3) Palmer's position in the maintenance department was not covered by the collective bargaining agreement, therefore, he was an at-will employee subject to being terminated at any time; and, (4) for his pension rights claim, he had failed to provide any evidence that his employer intended to violate ERISA.

We review a summary judgment *de novo*; it is proper if, viewing the summary judgment record in the light most favorable to the non-movant, there is *no* material fact issue and the movant is entitled to judgment as a matter of law. *E.g.*, **Drake v. Advance Const. Serv., Inc.** 117 F.3d 203, 204 (5th Cir. 1997); FED. R. CIV. P. 56.

Palmer contends the magistrate judge erred by ruling on summary judgment before completion of discovery. Two of the three sets of interrogatories he propounded in August 1999 were quashed prior to the summary judgment ruling. The remaining set was propounded to the EEOC.

Rule 56(f) permits a nonmovant to obtain a continuance in order to gather additional evidence to respond to a summary judgment motion. But, the nonmovant must demonstrate how the additional discovery will defeat the summary judgment motion. Vague assertions are not sufficient. *See* **International Shortstop, Inc. v. Rally's, Inc.**, 939 F.2d 1257, 1267 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). Palmer, in a cursory manner, merely

asserts that the proposed discovery will create a material fact issue.

In addition, Palmer was dilatory in seeking discovery. This action was filed in February 1998. Trial was scheduled initially for 21 June 1999. Defendants moved for summary judgment on 13 July 1999. The magistrate judge scheduled a hearing on the motion for that August, but did *not* rule on the motion until 18 January 2000. Yet, the discovery that Palmer contends the court should have waited on was *not* requested until 9 August 1999, after the originally scheduled trial date. If a party has *not* diligently pursued discovery, the court does *not* have to grant additional time to gather it prior to ruling on summary judgment. *Id.*

Accordingly, because Palmer neither diligently pursued discovery, nor stated with specificity how it would create a material fact issue, the magistrate judge did *not* err in *not* allowing a continuance of the summary judgment motion.

On the remaining issues, and based upon our *de novo* review of the record and review of the briefs, summary judgment was proper essentially for the reasons stated by the district court. *Palmer v. Transit Management Southeast La. Reg'l Transit Auth.*, No. 98-CV-594-K (E.D. La. 18 Jan. 2000).

                                                    *AFFIRMED*